# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2644-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LEROY T. FAULKS, a/k/a RAHEEM
FAULKS, LEROY R. FAULKS,
LEROY J. FAULKS, LEROY T.
FAULKS, JR., LEROY FAULKES,
LE ROY-JR FAULKS, LEROY-JR
FAULKS,

    Defendant-Appellant.

_____

Submitted December 18, 2018 – Decided January 24, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-05-1256.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael J. Confusione, Designated Counsel; William P. Welaj, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E.

Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Leroy Faulks appeals from the December 1, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

On May 19, 2010, an Essex County grand jury indicted defendant, charging him with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

The charges stemmed from a sexual offense defendant committed against his granddaughter in November 2009. At the time of the offense, the victim was four years old, and defendant was forty-four years old. The victim reported the incident to her mother (defendant's daughter). The State presented the testimony of Detective Eric Marino of the Essex County Prosecutor's Office to the grand jury; during his testimony, he played a video interview involving the victim, and also read into the record a statement given to law enforcement by the victim's mother.

Pursuant to a plea agreement, defendant pled guilty to second-degree sexual assault and the State agreed to recommend dismissal of the remaining

charges. At his plea hearing before Judge Thomas Moore on January 4, 2012, defendant acknowledged he had discussed the plea agreement and its consequences with defense counsel; he was satisfied with counsel's services; he read, initialed, signed, and understood the plea forms; he entered the plea freely and voluntarily; no threats or promises were made to him; he fully understood what was taking place at the hearing; and he had enough time to meet with defense counsel prior to the hearing. Defendant also provided a factual basis for his plea.

On June 6, 2012, defendant underwent a psychological evaluation by Dr. Mark Frank, Ph.D., a licensed psychologist and forensic mental health clinician. The court ordered the evaluation to determine his "eligibility for sentencing under the purview of the New Jersey Sex Offender Act." N.J.S.A. 2C:47-1. During the examination, defendant "claimed to have no memory of committing the" offense, asserting that he was on "Xanax and some others," and that he blacked out. "[H]e acknowledged," however, that he "did [not] think his granddaughter would lie about something so serious." Dr. Frank previously evaluated defendant in 1993 when he was charged with aggravated sexual assault against a twelve-year-old; during that evaluation, defendant admitted that although he was heavily intoxicated at the time, he recalled the incident.

A-2644-17T3

Dr. Frank concluded defendant has "serious psychological problems, most likely a psychotic disorder," rather than a "specific sexual compulsion" disorder.

On July 27, 2012, the trial court sentenced defendant to eight years imprisonment, subject to eighty-five percent parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, consistent with defendant's plea agreement. Defendant did not appeal his conviction or sentence.

On January 11, 2017, defendant filed a PCR petition, arguing that his trial counsel was ineffective because he failed to: (1) request an independent evaluation of defendant's amnesia claim; and (2) investigate and consider certain defenses, such as diminished capacity and intoxication. Defendant claimed that without an independent psychological evaluation, he "was incompetent to provide a factual basis to support a guilty plea."

On December 1, 2017, following oral argument, Judge James W. Donohue entered an order denying defendant's PCR petition without an evidentiary hearing, and issued a written opinion setting forth his findings and conclusions. Judge Donohue found that defendant failed to assert a prima facie case in support of his petition under Strickland v. Washington, 466 U.S. 668 (1984). The judge further determined that defendant was not entitled to an evidentiary hearing

4

because he could not demonstrate a likelihood that his claim would succeed on the merits.

First, the judge found defendant's claims procedurally barred, as defendant "had six months to raise all the issues regarding trial counsel's failure to conduct an adequate pre-trial investigation or to move to withdraw his guilty plea. [Defendant] had adequate time before sentencing to move to withdraw the plea." The judge also found that defendant's claims could have been raised on direct appeal. Notwithstanding these findings, the judge went on to address defendant's claims on the merits.

The judge addressed defendant's claim regarding his trial counsel's failure to obtain an independent evaluation before his guilty plea. The judge found that trial counsel had the autonomy to make the strategic decision to not obtain an independent evaluation, and that defendant failed to demonstrate that the result of the proceedings would have been different. The judge also found that at sentencing, "trial counsel acknowledged the lengthy process of evaluations that the defendant underwent and explained the consequences of his guilty plea."

Next, the judge addressed defendant's claim that trial counsel failed to consider cognizable defenses such as diminished capacity, amnesia, and intoxication. The judge found that defendant offered nothing in the record to

5

show that "expediency overtook vigilance," as defendant asserted. On the other hand, the judge found the record rife with proofs that trial counsel had knowledge of defendant's mental health complications. At his plea hearing, defendant affirmed that he had enough time to speak with his counsel, that he was satisfied with the services of his attorney, and that he understood what was discussed at the hearing. At sentencing, trial counsel acknowledged defendant had spent time prior to sentencing at Ann Klein Psychiatric Center, was "[i]nitially found incompetent then later found competent," and such facts were not in Dr. Frank's report. Trial counsel contended defendant should receive jail credits and psychiatric treatment. Ultimately, the PCR judge found defendant's claim meritless on the basis of trial counsel's "thorough representation of the defendant," as demonstrated by the record, and that any alleged prejudice was "highly unlikely as the defendant . . . knowingly and voluntarily pled guilty."

Lastly, the judge found that defendant voluntarily, knowingly, and intelligently pled guilty to one count of second-degree sexual assault. Defendant argued that he was incompetent to provide a factual basis to support his guilty plea, primarily based on his counsel's failure to obtain an independent psychological evaluation prior to the plea. The judge reviewed the plea hearing, and found there was "nothing in the transcript which suggest[ed] that . . .

6

defendant did not comprehend either the plea process or the questions he was being asked by Judge Moore or by his trial attorney," and that defendant "unequivocally indicated that he inappropriately touched the victim." The judge further found that defendant did not assert he was "'misinformed' about a material element of [the] plea negotiation[,] or that his . . . 'reasonable expectations,' grounded in terms of the plea agreement[] were not fulfilled," State v. Luckey, 366 N.J. Super. 79, 88 (App. Div. 2004) (internal quotations omitted) (quoting State v. Howard, 110 N.J. 113, 122-23 (1988)), a requirement for a claim to vacate a guilty plea.

On appeal, defendant raises the following contentions:

> POINT I:
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL, RESULTING IN A GUILTY PLEA WHICH WAS NOT FREELY, KNOWINGLY AND VOLUNTARILY ENTERED.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO REQUEST AN INDEPENDENT EVALUATION OF THE DEFENDANT AS WELL AS HIS FAILURE TO INVESTIGATE AND CONSIDER CERTAIN DEFENSES ON HIS BEHALF.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL RESULTING IN A GUILTY PLEA WHICH HAD NOT BEEN FREELY, KNOWINGLY AND VOLUNTARILY ENTERED.

For a defendant to establish a case of ineffective assistance of counsel, the defendant must show that defense "counsel's performance was deficient," and that "there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Preciose, 129 N.J. 451, 463-64 (1992) (quoting Strickland, 466 U.S. at 694). Our Supreme Court approved that two-part test in State v. Fritz, 105 N.J. 42, 58 (1987), in which it held that the federal standard for evaluating an ineffective-assistance-of-counsel claim approved in Strickland should apply in defining our state constitutional guarantee of effective assistance of counsel.

"When a guilty plea is part of the equation," our Supreme Court has explained that

[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not within the range of competence demanded of attorneys in criminal cases; and (ii) that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.

[State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alterations in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).]

We have carefully considered defendant's arguments in light of the applicable law, and we conclude his arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Donohue in his cogent December 1, 2017 written decision. We are satisfied that defendant has not established a prima facie case of ineffective assistance of counsel, as he has not shown his trial counsel's performance was deficient. See Strickland, 466 U.S. at 687. Even assuming arguendo trial counsel performed deficiently, defendant failed to show the results of the proceeding "would have been different," State v. Parker, 212 N.J. 269, 279-80 (2012) (quoting Strickland, 466 U.S. at 694), or that there was a reasonable probability that he would have refused to plead guilty and insisted on going to trial. Nuñez-Valdéz, 200 N.J. at 139. Furthermore, defendant is not entitled to an evidentiary hearing as he failed to demonstrate a reasonable

9

likelihood of success on the merits.  See State v. Marshall, 148 N.J. 89, 158 (1997) (citing Preciose, 129 N.J. at 462-63).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2644-17T3